## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 15-24218-GLT |
| | : | |
| GRACE GEMS GALLERIA, LLC | : | Chapter 7 |
| | : | |
| *Debtor* | : | |
| | : | |
| Natalie Lutz Cardiello, Trustee | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| No Respondents | : | |

### MOTION TO SELL PROPERTY OF THE
### ESTATE FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES

AND NOW COMES Natalie Lutz Cardiello, Trustee ("Trustee"), by and through her attorney, Natalie Lutz Cardiello, Esquire, and files this Motion to Sell Property of the Estate Free and Clear of all Liens and Encumbrances, and respectfully represents as follows:

1. Debtor filed a voluntary Chapter 11 Petition on November 18, 2015, which case was converted to a case under Chapter 7 on April 6, 2017.

2. Natalie Lutz Cardiello is the duly appointed Trustee in this matter.

3. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334; this is a core proceeding within the meaning of 28 U.S.C. Section 157.

4. The Trustee wishes to sell strands of beads, bracelets, loose stones, and other items of personal property owned and sold by the Debtor in connection with the operation of its business, as more fully set forth on Exhibit A attached hereto and made a part hereof ("Personal Property"). The Trustee has not independently verified the inventory of Personal Property and makes no representations or warranties regarding same.

5. The Debtor is a corporation and has not claimed, and is not entitled to claim, an exemption in the Personal Property.

6. To the best of the Trustee knowledge and information, there are no liens or encumbrances attached to the Personal Property. To the extent that any lien or interest is later determined to exist, any such lien or interest is divested from the property being sold and transferred to the proceeds of sale.

## **TERMS OF SALE**

7.  The Trustee has received a cash offer of Twenty Thousand Dollars ($20,000) for the Personal Property from L F S Consultant's Inc., an affiliate of Don Conkey & Sons, Inc. The prospective purchaser has no relationship with the Debtor. The Trustee believes that $20,000 is a reasonable offer for the Personal Property based on the opinion of Don Conkey & Sons, Inc.[1] Furthermore, the Debtor filed a Motion for Sale of Personalty Free and Clear of all Liens, Claims and Encumbrances on November 14, 2016 in connection with an offer made by Grace Betancourt-Jones to purchase the personal property of the Debtor for $40,000 [Doc. No. 109], which sale was duly noticed and advertised and for which no additional bidders appeared at the sale hearing.

8.  The terms and conditions of the sale are as follows:

    (a)  The sale shall be subject to higher and/or better offers;

    (b)  The Personal Property shall be sold "as is, where is", free and clear of all liens and encumbrances;

    (c)  Closing shall be held within ten (10) days after the Order confirming the sale becomes final and nonappealable, or at such other time as may be acceptable to the Trustee's counsel; and

    (d)  All sums due at closing shall be paid in immediately available funds.

9.  In order to bid at the sale hearing a prospective purchaser must have a cashier's check or certified check in the amount of $2,000 and provide evidence of his or her ability to pay the balance of the purchase price at the time of closing, either in the form of a letter from a bank indicating that the proposed purchaser has the required funds on hand, a letter of credit, or similar documentation acceptable to the Trustee. Such deposit and documentation are due no later than 3 business days prior to the day and time of the sale hearing. The successful bidder will be required to deposit a non-refundable deposit of $2,000 at the time of the approval of the sale by the Court, with the balance to be paid at closing.

10.  At the closing on the sale the Trustee shall deliver to the purchaser a Bill of Sale evidencing the sale of the Personal Property to the purchaser, his/her/its heirs, successors and/or assigns. Any party succeeding to rights of the purchaser hereunder shall be bound by the same terms and conditions as the original purchaser.

11.  In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the estate, and resell the Personal Property, in which case the purchaser shall be liable for any deficiency.

12.  The proceeds from the sale of the Personal Property shall be used as follows:

    (a)  to pay such costs as may be properly incurred, if any, customary closing expenses, and other such items as provided for in the motion or to effect said sale;

---

[1] The Debtor previously obtained an appraisal from Caesar Azzam G. G. (G.I.A.) on February 1, 2017. Mr. Azzam appraised the Debtor's strands of semi-precious stones and mixed jewelry, including mixed sterling silver necklaces and bracelets, assorted semi-precious stones, beaded stretchy bracelets, and beaded necklaces for $44,117.

    (b) to pay the Trustee's fees and expenses related to the sale and Trustee's counsel fees in searching for financing statements for the filing of the motion, drafting and filing the motion, representing the estate at the hearing and obtaining an order authorizing the sale, and closing of the same (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment); and

    (c) to pay lien holders, in the order of their priority, to the extent that the claim(s) are known and not disputed, and to the extent, if any, that a claim is disputed, the funds shall be retained pending further Order of Court.

All remaining sums shall be held by the Trustee pending further Order of Court.

  13. The Trustee requests that the stay imposed by Bankruptcy Rule 6004 (h) be waived as the offer received by the Trustee is contingent upon closing the sale by October 14, 2017.

  WHEREFORE, the Trustee requests that this Honorable Court enter an Order authorizing this sale on the terms and conditions stated herein and grant such other and further relief as it deems just and proper.

Dated: September 15, 2017        Respectfully submitted,

                  */s/ Natalie Lutz Cardiello*
                  Natalie Lutz Cardiello, Esquire
                  Counsel for the Trustee
                  PA ID #51296
                  107 Huron Drive
                  Carnegie, PA 15106
                  (412) 276-4043
                  ncardiello@comcast.net